**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

DENISE WILLIAMS,

    Plaintiff,

v.

APPLE NINE HOSPITALITY OWNERSHIP, INC.,
d/b/a HAMPTON INN FT. LAUDERDALE/DOWNTOWN
LAS OLAS AREA, a Foreign Profit Corporation.

    Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, DENISE WILLIAMS ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against APPLE NINE HOSPITALITY OWNERSHIP, INC., d/b/a HAMPTON INN FT. LAUDERDALE/DOWNTOWN (referred to hereinafter as "HAMPTON INN" or "DEFENDANT" or "SUBJECT PROPERTY"), for injunctive relief pursuant to the Americans with Disabilities Act, *42 U.SC. §12181*, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), and alleges as follows:

**INTRODUCTION**

1. On July 26, 1990, Congress enacted the Americans with Disabilities Act, *42 U.S.C. §12101*, *et seq*.

2. Congress found, among other things, the following:

    i. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    ii. Discrimination against individuals with disabilities persists . . .

    iii. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

    iv. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

*42 U.S.C §12101 (a)(2), (3), (5) and (8).*

3. Under the ADA, hotels are places of public accommodations. *42 U.S.C. §12181(7)(A).*

4. The subject property located at 250 N. Andrews Ave., Fort Lauderdale, Florida, 33301 is a public accommodation under the ADA because it is a hotel.

5. The subject property is required to be in compliance with the ADA and is presently in violation of the Act.

6. Congress gave public accommodations one-and-a-half years from the enactment of the ADA to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has/had ten or fewer employees and gross receipts of $500,000 or less. *28 C.F.R. §36.508.*

7. Plaintiff has attempted to and has, to the extent possible, accessed the subject property in her capacity as a visitor/guest of the subject property, but could not fully do so because of her disabilities and the physical barriers to access, dangerous conditions and ADA violations that exist at the subject property that preclude and/or limit her access to the subject property and the goods, services, facilities, privileges, advantages and/or accommodations offered therein,

including the lack of an appropriate ramp for disabled patrons and the lack of handicap accessible parking spaces.

8. Since August 2019, Plaintiff has visited the subject property as a hotel guest on at least four (4) occasions.

9. Plaintiff greatly enjoys staying at the subject property and intends to return in less than six (6) months or sooner, as long as the property is in compliance with the ADA and is accessible to her.

10. Defendant has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the subject property by failing to remove architectural barriers as required by *42 U.S.C. §12182(b)(2)(A)(iv)*, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers, that exist at the subject property, including those specifically set forth herein, and make the subject property accessible to, and usable by persons with disabilities, including Plaintiff.

11. Defendant has discriminated against Plaintiff and others with disabilities by failing to take steps that are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of auxiliary aids and services, in accordance with *42 U.S.C. §12182(b)(2)(A)(iii)*, when doing do would not result in an undue burden.

12. Defendant has discriminated against Plaintiff and others with disabilities, by failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, in accordance with *42 U.S.C. §12182(b)(2)(A)(ii)*, when

3

making such modifications would not fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

## JURISDICTION

13. This is an action for declaratory relief and injunctive relief pursuant to Title III of the Americans with Disabilities Act, *42 U.S.C §12181, et seq*. This Court has original jurisdiction over the action pursuant to *28 U.S.C. §§1331* and *1343*.

14. Venue is proper pursuant to *28 U.S.C. §1391* and Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida, in that the existing barriers and the subject property are located in Broward County, Florida.

## PARTIES

15. At all times material hereto, Defendant was a foreign corporation authorized to do business in Broward County, Florida.

16. At all times material hereto, Defendant owned and operated a hotel within the jurisdiction of this Honorable Court. The hotel that is owned and operated by Defendant is a place of public accommodation as defined by the ADA.

17. At all times material hereto, Plaintiff, DENISE WILLIAMS, has been a resident of the Southern District of Florida, is *sui juris* and has suffered from a bona fide disability as defined by the ADA. More specifically, Plaintiff is unable to walk daily without the assistance of a cane and suffers from significant limitations in her ability to ambulate.

18. Plaintiff has possessed a handicapped parking placard with the State of Florida since 2011.

19. Plaintiff is a United States Military veteran. The Department of Veteran Affairs diagnosed Plaintiff as suffering from a permanent and total disability in 2013.

20. Plaintiff suffers from a traumatic brain injury which significantly limits her ability to walk.

21. Plaintiff also suffers from chronic back and neck injuries which significantly limit her ability to walk. More specifically, the VA has diagnosed Plaintiff with asthma and shortness of breath, degenerative disc disease in the spine, degenerative joint disease in the right shoulder, right knee arthralgia, left wrist arthralgia, traumatic brain injury, left ankle osteoarthritis, tinnitus, temporomandibular joint disease, left hip arthralgia, degenerative disc disease of L4 and L5 of the lumbosacral spine, left knee arthralgia, and several other chronic diseases.

22. Plaintiff's disabilities substantially limit her in performing one or more major life activities, including but not limited to walking, standing, sitting, stepping, traversing stairs, ambulating, bathing, working, cleaning, cooking, dressing, grasping and/or pinching, and the vast majority of daily life functions.

23. Plaintiff takes at least twenty-two (22) medications on a daily basis to help reduce the limitations imposed by the aforementioned disabilities.

24. Plaintiff uses a cane on a daily basis and cannot safely walk without it.

25. Plaintiff's access to the Hampton Inn located at 250 N. Andrews Ave., Fort Lauderdale, Florida, 33301, and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited due to these permanent disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and/or change its unlawful policies or practices to correct the ADA violations which exist at the property, including those set forth in this Complaint.

**GENERAL ALLEGATIONS**

26. In August 2019, Plaintiff visited Hampton Inn located at 250 N. Andrews Ave., Fort Lauderdale, Florida, 33301. Plaintiff returned to the subject property in November 2019, December 2019, and January 2020.

27. Plaintiff intends to return to the subject property for religious conferences if the subject property becomes accessible to her.

28. When Plaintiff traveled to the subject property as a customer of Hampton Inn in January 2020, she encountered several barriers to access at the subject property that are detailed in this Complaint. As a result of Plaintiff's encounters with the subject property's barriers, Plaintiff suffered harm and injury, and will continue to suffer such harm and injury from the illegal barriers and ADA violations discussed herein.

29. In August 2019, November 2019, and December 2019, Plaintiff self-parked her vehicle at the subject property in a designated handicapped parking spot in Defendant's parking garage. Defendant did not charge Plaintiff to park her car in its garage, nor did it require Plaintiff to use its valet service.

30. Defendant currently permits self-parking in its parking garage.

31. When Plaintiff arrived at the subject property on January 18, 2020, Plaintiff attempted to self-park her vehicle in Defendant's parking garage in a parking spot designated for disabled and/or handicapped individuals as she had previously done on her prior visits to the subject property. However, on this date, all of the handicapped parking spots were being utilized by cars *without* handicapped placards. Therefore, Plaintiff drove her car to the front of the subject property located on NE 3rd Street so she could enter the subject property to lodge a complaint related to the misuse of handicapped parking spots. However, when

Plaintiff exited her vehicle, she realized the drop off location at the front of the hotel lacked a curb ramp that is ordinarily required for disabled individuals such as herself.

32. The subject property, in its current state, poses significant safety issues to Plaintiff because of its failure to provide disabled patrons with an accessible entry point from the front of the hotel on NE 3rd Street.

33. The subject property further deprived Plaintiff of the full and equal enjoyment of its services, facilities, privileges, advantages, and/or accommodations by failing to make its entrance handicapped accessible.

34. Defendant's failure to include a ramp at the subject property's front entrance can be rectified without causing an undue hardship on Defendant and would make the subject property accessible to individuals with disabilities, such as Plaintiff.

35. Defendant failed to provide an accessible route and/or curb ramp whereby Plaintiff, and others with disabilities, could safely and reasonably access the subject property, in violation of the ADAAG § 4.6.6.

36. In addition, Defendant's unlawful policy or practice of allowing able bodied patrons and/or hotel workers who do not suffer from bona fide disabilities and/or do not have handicapped placards to utilize handicapped parking spaces violates ADAAG §§ 4.1.2(5)(a) and 4.6.

37. Furthermore, the cars that Defendant allows to remain wrongfully parked in handicap spaces constitute physical barriers to access under the ADA.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

38. Plaintiff re-avers and re-alleges the allegations set forth in Paragraphs 1 through 37 above as though set for fully herein.

39. The ADA defines illegal discrimination as including the following:

>A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
>A failure to take steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;
>
>A failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable.

*See 42 U.S.C. § 12182(b)(2)(A)(ii)-(iv).*

40. The ADAAG § 4.1.2(5)(a) specifically provides the following:

    >If parking spaces are provided for self-parking by employees or visitors, or both, then accessible spaces complying with 3.6 shall be provided in each such parking area in conformance with the table below . . .

41. The ADAAG § 4.6.6 specifically provides the following:

    >Passenger loading zones shall provide an access aisle at least 60 in (1.525 mm) wide and 20ft (240 in)(6199 mm) long adjacent and parallel to the vehicle pull-up space. ***If there are curbs between the access aisle and the vehicle pull up space, then a curb ramp complying with 4.7 shall be provided.*** Vehicle standing spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

42. Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A non-exclusive list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, includes the following:

    a. At the front of the subject property, on NE 3rd Street, Defendant is in violation of the ADAAG §§ 4.6.6, and 4.7 because there is a curb between the access aisle and

8

    the vehicle pull up space at the subject property's front entrance without a curb ramp.

  b. In Defendant's self-parking area in its garage, Defendant violates ADAAG §§ 4.1.2(5)(a) and 4.6 because of its policy and practice of allowing able bodied visitors and employees that do not have handicap placards to use handicap-designated spaces. Therefore, at times—including when Plaintiff visited to the subject property in January 2020 — Defendant does not provide any accessible handicap parking spaces to disabled individuals.

43. The subject property is legally required to be, ***but is not***, in compliance with the ADA and the ADAAG.

44. The front entrance to the subject property on NE 3rd Street fails to provide a safe, appropriate, or lawful means of entry onto the subject property.

45. Compliance with the ADA and ADAAG is readily achievable, and would not constitute an undue burden on Defendant, and would in no manner (and certainly not in a fundamental manner) alter the nature of the goods, services, facilities, privileges, advantages accommodations being offered at the subject property's businesses, because other areas of the building contain the accessible curb ramps, and the subject property could easily place a curb ramps at its front entrance.

46. Defendant has nevertheless failed to implement a compliant route from the point of public entry through the front to the subject property on NE 3rd Street, or to implement any compliant or appropriate manner by which individuals with walking aids and/or wheelchairs may access the front of the subject property at issue.

47. Plaintiff will return to subject property soon after the installation and implementation of ADA and ADAAG compliant means by which individuals with severe walking impairments safely enter the subject property from the front of the Hampton Inn without risking bodily injury or other property damage, in order to utilize the goods, services, facilities, privileges, advantages and/or accommodations offered therein; however, in light of Plaintiff's disability, unless and until Defendant is brought into compliance with ADA and ADAAG, Plaintiff will remain unable to fully, properly and safely access the subject property's hotel and/or the goods, services, facilities, privileges, advantages and/or accommodations at issue.

48. As a result of the foregoing, Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the subject property. Defendant's discrimination is specifically prohibited by *42 U.S.C §12182, et seq*.

49. Moreover, Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until it is compelled by this Court to remove all physical barriers at issue and to make the subject property fully accessible to and usable by persons with disabilities, including Plaintiff.

50. Plaintiff is without an adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA and ADAAG violations that exist upon the subject property, including those set forth herein.

51. This Court is vested with authority to grant injunctive relief sought by Plaintiff herein, including entry of an order requiring alterations and modifications so as to make the subject

facility readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and ADAAG.

WHEREFORE, for the foregoing reasons, Plaintiff, DENISE WILLIAMS, respectfully requests that this Honorable Court enter judgment in her favor and issue injunctive relief against Defendant, APPLE NINE HOSPITALITY OWNERSHIP, INC., d/b/a HAMPTON INN FT. LAUDERDALE/DOWNTOWN to become fully compliant with Title III of the ADA and the ADAAG, and award Plaintiff attorney's fees and costs, and all such other relief as is deemed just and equitable under the circumstances of this case.

**Dated this 24th day of April 2020.**

                                                       Respectfully Submitted,

                                                       **USA EMPLOYMENT LAWYERS-**
                                                       **JORDAN RICHARDS, PLLC**
                                                       805 E. Broward Blvd. Suite 301
                                                       Fort Lauderdale, Florida 33301
                                                       Ph: (954) 871-0050
                                                       *Counsel for Plaintiff, Denise Williams*

                                                       By: */s/ Jordan Richards*
                                                       JORDAN RICHARDS, ESQUIRE
                                                       Florida Bar No. 108372
                                                       MELISSA SCOTT, ESQUIRE
                                                       Florida Bar No. 1010123
                                                       JAKE BLUMSTEIN, ESQUIRE
                                                       Florida Bar No. 1017746
                                                      *Jordan@jordanrichardspllc.com*
                                                       *Melissa@jordanrichardspllc.com*
                                                       *Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on April 24, 2020.

> By: _/s/ Jordan Richards_
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372

## SERVICE LIST: